1998 ME 20

**CAMPS NEWFOUND/OWATONNA CORP.**

v.

**TOWN OF HARRISON, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 12, 1997.
Decided Jan. 26, 1998.

William H. Dale (orally), Emily A. Bloch, Jensen Baird Gardner & Henry, Portland, for plaintiff.

William L. Plouffe (orally), Drummond Woodsum & MacMahon, Portland, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, and SAUFLEY, JJ.

RUDMAN, Justice.

[¶ 1] The Town of Harrison and six of its municipal officers (collectively, "the Town") appeal from the summary judgment entered in the Superior Court (Cumberland County, *Lipez, J.*) in favor of Camps Newfound/Owatonna Corporation ("the Camp") on its constitutional challenge to 36 M.R.S.A.

§ 652(1)(A)(1) (1990 & Supp.1997). The Camp cross-appeals from the judgment entered in the Superior Court (Cumberland County, *Perkins, J.*) dismissing pursuant to M.R. Civ. P. 12(c) its claims for relief pursuant 42 U.S.C. §§ 1983 and 1988. We affirm in part and vacate in part.

## I.

[¶ 2] This case returns on remand from the United States Supreme Court. *Camps Newfound/Owatonna, Inc. v. Town of Harrison*, —— U.S. ——, 117 S.Ct. 1590, 137 L.Ed.2d 852 (1997). In its decision, the Supreme Court determined that 36 M.R.S.A. § 652(1)(A)(1) (1990 & Supp.1997), which denied property tax exemptions, otherwise available, to any nonprofit institution "that is in fact conducted or operated principally for the benefit of persons who are not residents of Maine and makes charges that result in an average weekly rate per person ... in excess of $30 ...," violated the Commerce Clause of the United States Constitution. *Id.* at ——, 117 S.Ct. at 1608. In so doing, the Supreme Court vacated our decision in *Camps Newfound/Owatonna, Inc. v. Town of Harrison*, 655 A.2d 876 (Me.1995). In light of § 652(1)(A)(1)'s unconstitutionality, we now address the issues that remain between the parties.

## II.

[¶ 3] The Camp contends that the Superior Court erred by dismissing its claims for relief pursuant to 42 U.S.C. §§ 1983 and 1988. We disagree and affirm the dismissal.

We review the dismissal of a cause of action by examining:

the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory. We will uphold a dismissal 'only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'

*Shaw v. Southern Aroostook Community Sch. Dist.*, 683 A.2d 502, 503 (Me.1996) (quotations and citations omitted). In *National Private Truck Council, Inc. v. Oklahoma Tax Commission*, the Supreme Court held that state courts must refrain in tax cases from granting relief pursuant to 42 U.S.C. § 1983 when state law provides an adequate legal remedy. 515 U.S. 582, 592, 115 S.Ct. 2351, 2357, 132 L.Ed.2d 509 (1995). The Camp's § 1983 claim is comprised solely of its Commerce Clause and Privileges and Immunities Clause challenges to 36 M.R.S.A. § 652(1)(A)(1). Thus, if our law provides an adequate remedy, the Camp cannot maintain a § 1983 claim.[1]

[¶ 4] We find that Maine law does provide an adequate remedy. Section 841 of Title 36 sets forth the statutory mechanism for seeking a tax abatement. The legislature has provided that:

The assessors, either upon written application filed within 185 days from commitment stating the grounds for an abatement or on their own initiative within one year from commitment, may make such reasonable abatement as they consider proper to correct an illegality, error or irregularity in assessment, provided that the taxpayer has complied with section 706.

The municipal officers, either upon written application filed after one year but within 3 years from commitment stating the grounds for an abatement or on their own initiative within that time period, may make such reasonable abatement as they consider proper to correct any illegality, error or irregularity in assessment, provided the taxpayer has complied with section 706. The municipal officers may not grant an abatement to correct an error in the valuation of property.

---

1. The Camp urges us to find that Maine law does not provide a "plain, speedy and efficient" remedy. The language "plain, speedy and efficient" derives from the Tax Injunction Act, 28 U.S.C. § 1341, which does not apply to state courts. The Supreme Court, in its *National Private Truck* opinion, held that § 1983 "does not call for either federal or state courts to award injunctive and declaratory relief in state tax cases when an *adequate* legal remedy exists." 515 U.S. at 589, 115 S.Ct. at 2355 (emphasis added).

36 M.R.S.A. § 841(1) (1990 & Supp.1997). Pursuant to 36 M.R.S.A. §§ 843–844 (1990 & Supp.1997), taxpayers may appeal administrative decisions on their abatement requests to the Superior Court in accordance with M.R. Civ. P. 80B. We have observed:

> [a]n abatement proceeding is a proper vehicle in which to challenge the taxation of property claimed to be exempt. Abatement proceedings and the Administrative Procedure Act clearly provide taxpayers with 'the essential elements of adjudication' and with an adequate opportunity to obtain direct judicial review of the taxing authority's denial of a request for an abatement. . . .

*Maine Central R.R. Co. v. Town of Dexter,* 588 A.2d 289, 292 (Me.1991) (citations omitted). Alternatively, we have acknowledged that the Superior Court's declaratory judgment authority, bestowed by 14 M.R.S.A. §§ 5951–63 (1980 & Supp.1997), may be invoked in tax exemption cases. *Id.* at 293.

[¶ 5] We reject the Camp's argument that because it had to pursue its constitutional claim to the United States Supreme Court this statutory scheme does not provide an adequate remedy. A taxpayer cannot argue that a legal remedy is inadequate merely because such taxpayer had to seek appellate review to secure it. Moreover, in this case, the Camp raised an issue of constitutional law never before addressed by the Supreme Court, a fact that that Court explicitly acknowledged.[2] The Camp cannot reasonably contend that the several stages through which this litigation has progressed render our adjudicatory process inadequate.

[¶ 6] The Camp relies, however, upon dictum contained in a footnote of the *National Private Truck* opinion in which the Supreme

Court stated, "there may be extraordinary circumstances under which injunctive or declaratory relief is available even when a legal remedy exists." 515 U.S. at 591 n. 6, 115 S.Ct. at 2357 n. 6. Assuming arguendo that parties may invoke this "exception," we reject the Camp's assertion that this case presents extraordinary circumstances. To the extent that the tax lien mortgage certificate filed by the Town on the Camp's property has cast a cloud on the Camp's title, the Camp may seek a declaratory judgment that the lien certificate is invalid pursuant to the Declaratory Judgments Act, 14 M.R.S.A. §§ 5951–5963 (1980 & Supp.1997).

[¶ 7] Thus, we find no error in the dismissal of the Camp's § 1983 claim.[3] Accordingly, we find no error in the dismissal of the Camp's § 1988 claim, because "when no relief can be awarded pursuant to § 1983, no attorney's fees can be awarded under § 1988." *National Private Truck,* 515 U.S. at 592, 115 S.Ct. at 2357.

### III.

[¶ 8] Contending that the doctrines of res judicata and collateral estoppel bar the Camp's claims for refunds of its 1989 and 1990 taxes, the Town argues that the Superior Court erred in granting the Camp a summary judgment. A party is entitled to a summary judgment if no genuine issue of material fact exists and if the party on the undisputed facts is entitled to a judgment as a matter of law. *Seashore Performing Arts Ctr., Inc. v. Town of Old Orchard Beach,* 676 A.2d 482, 484 (Me.1996). We review the grant of a summary judgment for an error of law, viewing the evidence in the light most favorable to the party against whom the judgment has been granted. *Key Trust Co.*

---

**2.** The Supreme Court stated, "[t]his case involves an issue that we have not previously addressed—the disparate real estate tax treatment of a non-profit service provider based on the residence of the consumers that it serves." *Camps Newfound/Owatonna,* —— U.S. at ——, 117 S.Ct. at 1596.

**3.** The Camp's Privileges and Immunities Clause claim has not been preserved for this remand. Our decision in *Camps Newfound/Owatonna* held that 36 M.R.S.A. § 652(1)(A)(1) does not violate the Privileges and Immunities Clause. 655 A.2d

at 880. This determination was not challenged in the Supreme Court. *See Camps Newfound/Owatonna,* —— U.S. at —— n. 4, 117 S.Ct. at 1595 n. 4 ("As for the privileges and immunities claim, the Supreme Judicial Court found petitioner's argument unavailing. Th[is] claim[ ][is] not before us."). Regardless of whether the Supreme Court's finding that 36 M.R.S.A. § 652(1)(A)(1) imposes a discriminatory tax burden would alter our privileges and immunities analysis, the Camp lacks any procedural means to resurrect this claim on remand.

*of Maine v. Nasson College,* 1997 ME 145, § 9, 697 A.2d 408, 409.

[¶ 9] In 1989, the Town assessed the value of the Camp's property at $2,099,300. The Camp applied to the Town for an abatement, contending that because the property was subject to a twenty-five year irrevocable conservation easement, its value was only $575,000. After the Town assessors granted the Camp a partial abatement that reduced the assessed value of the property to $1,687,668, the Camp appealed to the Cumberland County Commissioners. The County Commissioners denied a further abatement and the Camp then appealed to the Superior Court. In its appeal to the Superior Court (hereinafter, "the 1989 abatement challenge"), the Camp contested the sufficiency of the abatement only; it did not challenge the validity of 36 M.R.S.A. § 652(1)(A)(1). The Superior Court affirmed the judgment of the County Commissioners, and, on February 28, 1992, we affirmed the Superior Court's judgment in *Camps Newfound/Owatonna, Inc. v. Town of Harrison,* 604 A.2d 908 (Me.1992) (*"Camps I"*). On April 15, 1992, the Camp wrote to the Harrison Town Manager to demand both a tax refund for 1989, 1990, and 1991 and a continuing tax exemption, asserting that 36 M.R.S.A. § 652(1)(A)(1) violated the Commerce Clause, the Privileges and Immunities Clause, and the Fourteenth Amendment. After the Town's Board of Assessors denied this request, the Camp initiated this action.

[¶ 10] In 1994, the Superior Court granted the Camp's motion for a summary judgment, which argued the merits of its constitutional claims, and denied the Town's motion for a summary judgment, which argued in part that the Camp's constitutional claims were barred by res judicata because the Camp could have raised them as part of its 1989 abatement challenge. In denying the Town's motion, the court stated that because "the Board of Assessors does not have authority to determine the constitutionality of state taxing statutes[,][i]t would have been futile for plaintiff to challenge the constitutionality of Maine's charitable exemption statute before the Board of Assessors."

[¶ 11] "The doctrine of res judicata 'is a court-made collection of rules designed to ensure that the same matter will not be litigated more than once.'" *Machias Sav. Bank v. Ramsdell,* 1997 ME 20, ¶ 11, 689 A.2d 595, 599 (quoting *Beegan v. Schmidt,* 451 A.2d 642, 643–44 (Me.1982)). "Unlike the related rule of collateral estoppel or 'issue preclusion,' which merely prevents the reopening in a second action of an issue of fact actually litigated and decided in an earlier case, the doctrine of bar, or 'claim preclusion,' prohibits relitigation of an entire 'cause of action....'" *Beegan v. Schmidt,* 451 A.2d 642, 644 (Me.1982). Claim preclusion bars the relitigation of a claim "'if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action.'" *Machias Sav. Bank,* 1997 ME 20, ¶ 11, 689 A.2d at 599 (quoting *Department of Human Serv. v. Comeau,* 663 A.2d 46, 48 (Me.1995)). To determine whether the matters presented for decision in the instant action were or might have been litigated in the prior action, we examine "'whether the same "cause of action" was before the court in the prior case.'" *Connecticut Nat'l Bank v. Kendall,* 617 A.2d 544, 547 (Me.1992) (quoting *Currier v. Cyr,* 570 A.2d 1205, 1208 (Me.1990)). We apply a transactional test to define a cause of action, pursuant to which:

> the measure of a cause of action is the aggregate of connected operative facts that can be handled together conveniently for purposes of trial. A prior judgment bars a later suit arising out [of] the same aggregate of operative facts even though the second suit relies on a legal theory not advanced in the first case, seeks different relief than that sought in the first case, and involves evidence different from the evidence relevant to the first case.

*Id.* (quotations and citations omitted).

[¶ 12] A plaintiff may not split a cause of action and prosecute each of its parts in separate lawsuits. *Kradoska v. Kipp,* 397 A.2d 562, 567 (Me.1979). "Judicial economy, fairness to litigants, and the strong public interest favoring finality in judicial

proceedings demand that a plaintiff present all relevant aspects of his cause of action in a single lawsuit." *Id.* Res judicata prevents a litigant from splitting the litigant's claim and pursuing it " 'in a piecemeal fashion by asserting in a subsequent lawsuit other grounds of recovery for the same claim' " that the litigant had a reasonable opportunity to argue in the prior action. *Id.* at 569 (quoting *Neeld v. National Hockey League,* 439 F.Supp. 446, 458 (W.D.N.Y.1977)).

 [¶ 13] In this case, the Camp does not contest that our decision in Camps I was a valid final judgment. The Camp does contend, however, that the requirement of an identity of parties is not satisfied, because the defendant in its 1989 abatement challenge was the Town itself whereas the defendants in this action are the Town's assessors and tax collector. This argument lacks merit.[4]

[¶ 14] In *Brown v. Osier,* the plaintiff, a boiler operator at the Governor Baxter School for the Deaf, sued the School, the State, and two School employees, alleging wrongful suspension and forced retirement. 628 A.2d 125, 126 (Me.1993). While that case was pending, the plaintiff initiated a suit in federal court against the School only, seeking relief pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, and the Fair Labor Standards Act, 29 U.S.C. §§ 201–219. *Id.* The School prevailed in the federal forum and then argued in the Superior Court that the plaintiff's state cause of action was barred by the res judicata effect of the federal judgment. *Id.* at 126–27. We found that, although the School was the only named party in the federal action, the State and the two School employees were in sufficient privity with the School to satisfy the identity of the parties element of res judicata. *Id.* at 128. With respect to the two School employees, we reasoned, " '[s]uits against employees in their official capacities are essentially suits against the government entities for which they work....' " *Id.* (quoting *Gray v. Lacke,* 885 F.2d 399, 405 (7th Cir.1989), *cert. denied,* 494 U.S. 1029, 110 S.Ct. 1476, 108 L.Ed.2d 613 (1990)).

[¶ 15] In the instant case, although the Camp named as defendants the Town's assessors and tax collector, its suit for a refund of its 1989 taxes is really a suit against the Town. The Camp's complaint explicitly states that the Town's tax collector and tax assessors were being sued in their official capacities only. *Cf. Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citations omitted); *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) ("Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (citations omitted). Moreover, should we award a tax refund, the monies will be paid by the Town, not by the individual defendants. Thus, the Town's assessors and tax collector are in sufficient privity with the Town to warrant a finding of an identity of parties between the 1989 abatement challenge and this action.

[¶ 16] The Camp further argues, however, that the Superior Court properly determined that its constitutional claims could not have been litigated as part of its 1989 abatement challenge. The Camp contends: (i) because the factual record developed before the Board of Assessors only addressed the property's valuation, the Board lacked the factual predicates necessary to resolving the Camp's constitutional claims; and (ii) because the Board of Assessors lacked the authority to decide the constitutionality of the exemption statute, an attempt to litigate its constitutional claims would have been futile. The Camp's reasoning is unpersuasive.

---

4. The Camp's argument on remand contradicts its original brief in this case, which stated: "[t]he

first element of *res judicata*—identity of parties—is present."

[¶ 17] In its 1989 abatement challenge, the Camp appealed from the Cumberland County Commissioners to the Superior Court pursuant to M.R. Civ. P. 80B, which permits a party to join its claim for review of government action "with a claim alleging an independent basis for relief." M.R. Civ. P. 80B(i). We have previously considered constitutional claims asserted in appeals from administrative decisions pursuant to Rule 80B. *E.g., Your Home, Inc. v. City of Portland,* 501 A.2d 1300 (Me.1985). Thus, assuming arguendo that an attempt by the Camp to raise its constitutional claims before the Board of Assessors would have been futile, the Camp could have joined its constitutional claims in its Rule 80B action in the Superior Court to secure it a proper adjudication of those claims. The Camp's decision to wait until we had disposed of its 1989 abatement challenge to initiate a separate constitutional challenge to the exemption statute was in effect a decision to split its cause of action impermissibly. Hence, res judicata bars the Camp's claim for a refund of its 1989 tax payment.

[¶ 18] We reject, however, the Town's contention that the doctrine of collateral estoppel barred the Camp's action for a refund of its 1990 taxes. Collateral estoppel "prevents the relitigation of factual issues already decided if 'the identical issue was determined by a prior final judgment, and ... the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding.'" *Machias Sav. Bank,* 1997 ME 20, ¶ 11, 689 A.2d at 599 (citations omitted). The Camp's application for an abatement of its 1990 taxes, a proceeding separate and apart from the 1989 proceeding, is still pending before the Cumberland County Commissioners because all parties agreed to stay that proceeding pending the final disposition of this litigation. That claim has not been litigated to a final judgment. The Camp therefore is not barred by collateral estoppel from seeking a refund of its 1990 taxes.

## IV.

[¶ 19] We also reject the Town's argument that any tax refund awarded the Camp should only include the interest that has accrued from the date of the filing of Camp's complaint, pursuant to 14 M.R.S.A. § 1602 (1980 & Supp.1997). We have previously determined that "specific statutory provisions take precedence over general provisions." *Ziegler v. American Maize–Prod. Co.,* 658 A.2d 219, 222 (Me.1995). Section 1602 states that "[i]n all civil actions, except those actions involving a contract or note which contains a provision relating to interest, ... If no notice of claim has been given to the defendant, prejudgment interest shall accrue from the date on which the complaint is filed." By contrast, 36 M.R.S.A. § 506–A (1990 & Supp.1997) states, "a taxpayer who pays an amount in excess of that finally assessed must be repaid the amount of the overpayment plus interest from the date of overpayment...." Because 36 M.R.S.A. § 506–A is more specific than is 14 M.R.S.A. § 1602 and because it addresses precisely the issue before us—the date from which interest should be computed on an overpayment of taxes that must be refunded to the taxpayer—we find that the Camp's refund should include interest accruing from the date of its overpayment.

[¶ 20] Additionally, this refund should include the late payment penalties and lien fees that the Camp paid, as well as the interest thereon. Pursuant to 36 M.R.S.A. § 505 (1990 & Supp.1997), interest on delinquent tax payments "shall be added to and become part of the taxes." Similarly, pursuant to 36 M.R.S.A. § 943 (1990 & Supp. 1997), lien fees "must be added to and become a part of the tax."

## V.

[¶ 21] Finally, the Town urges us to modify the Superior Court's injunction "to provide that the injunction does not prevent the Town Assessors from requiring the Camp to establish their charitable and benevolent status under 36 M.R.S.A. § 652(1) for the tax years which are not the subject of this litigation." We decline to do so. The Superior Court only enjoined the enforcement of § 652(1)(A)(1); its order in no way interferes with the operation of the rest of § 652. Moreover, the Camp has not contested that it

must establish its status as a benevolent and charitable institution before receiving an exemption for tax years 1992–97. Thus, whatever future controversy the Town envisions is not ripe for adjudication by this Court.

The entry is:

Judgment modified to strike the order of a refund of Plaintiff's 1989 taxes and as modified affirmed.

