STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-013

MAIETTA CONSTRUCTION, INC. 57 PM '01

Plaintiff

- v.

STEVE ROMAN,

Defendant

ORDER ON DEFENDANT'S
MOTION FOR
SUMMARY JUDGMENT

## FACTUAL BACKGROUND

Plaintiff Maietta Construction is a company engaged primarily in the excavation business. Plaintiff's Statement of Material Facts ("PSMF") ¶ 1. Michael Maietta, son of Maietta Construction's principal owner and president, was a supervisor/foreman during the relevant time period. Id. He has never been an owner, officer or director of the company. Id. Defendant Steve Roman worked for Maietta Construction from October or November of 1987 through June of 1995. Id. ¶ 2.

Roman and Michael Maietta, both long-time stock car racing enthusiasts, became acquainted at the Beechridge Speedway in Scarborough. Id. ¶ 3. Beginning in 1985, Roman served as the crew chief of Michael Maietta's stock car racing team. Id. ¶ 5. As a member of the crew, Roman worked on Michael Maietta's stock cars during the week and served as crew chief at the race track on weekends. Id.; Defendant's Statement of Material Facts ("DSMF") ¶ 3.

In August of 1994, Roman sustained a work-related injury. DSMF ¶ 6.

Roman consulted the law firm of Fontaine & Beal for help with his workers' compensation claim. Id. ¶ 7. Donald Fontaine, one of Roman's attorneys, first examined the question of how much Roman was entitled to receive in back pay for overtime hours that he had worked in exchange for "comp time." Id. ¶ 9. On June 29, 1995, Fontaine sent a letter to Maietta as notice of his intent to pursue a wage claim on behalf of Roman. Id. ¶ 12.

On July 11, 1995, Fontaine wrote to Barry Zimmerman, counsel to Maietta, and outlined the claim as one for overtime wages from July 5, 1992 to July 5, 1995 plus a statutory penalty plus attorney's fees. Id. ¶ 13. The letter asserted that Roman was willing to make a compromise, but the "settlement must reflect the reasonable value of the various exposures." Id. ¶ 13 & Tab 2. Also on July 11, 1995, Zimmerman wrote a letter to Fontaine, stating that Maietta was willing to pay Roman for one-half time for 113.5 overtime hours because he had already been paid straight time for those hours. DSMF ¶ 14 & Tab 3.

On July 13, 1995, Fontaine sent a letter stating that the claim for overtime was for $1,400 (175 hours at $8 per hour) and advising Maietta that it should pay that amount right away or, if it disagreed, should pay whatever it thought was due and the parties would discuss any remaining balance later. DSMF ¶ 15. Maietta never paid any undisputed amount before the lawsuit was filed. Id. ¶ 16.

After reviewing the payroll records in the spring of 1996 and considering all the facts, Fontaine advised Roman to pursue overtime claims for the time he spent working on Michael Maietta's stock cars both in the shop and at the race track. Id.

2

¶¶ 11, 17-18, 29. By letter dated April 29, 1996, Roman demanded $40,000 plus reasonable legal fees to settle all of the claims before suit. Id. ¶ 19 & Tab 5. Through counsel, Maietta responded by acknowledging that the company owed Roman for 1.5 hours of work and completely disavowed any obligation to pay for the time spent on the race cars. DSMF ¶ 20. Maietta offered to discuss settling the "other claim" and expressed optimism that the parties could reconcile the differences in hours. Id. The letter did not mention any statutory penalties or attorney's fees and did not include an offer of settlement. Id.

Roman filed a lawsuit against Maietta in the United States District Court for the District of Maine in August of 1996. Id. ¶¶ 1, 21. The central issue in the case was whether work that Roman performed on Michael Maietta's stock cars was part of Roman's job, entitling him to overtime and back pay under the federal Fair Labor Standards Act ("FLSA") and the comparable Maine statute. Id. ¶ 2. After a bench trial, United States Magistrate Judge Cohen found that Roman was entitled to back pay for hours spent working on the stock cars on the Maietta premises during work hours in the amount of $2,436.00 but that he was not entitled to receive pay for time he spent serving as crew chief at the race track on weekends. Id. ¶¶ 2-4 & Tab A.

After the First Circuit affirmed the decision on appeal, Roman filed an application for an award of attorney's fees and costs. DSMF ¶ 27. Roman was awarded $1,528.25 in costs. Id. ¶ 28 & Tab C. The Magistrate Judge reduced the amount of attorneys' fees sought on the basis of "reasonableness" of the time spent, and awarded Roman $9,560.00. DSMF ¶ 28 & Tab C. The reduction represented the

3

Magistrate Judge's estimation of the portion of the total claims in the case on which Roman succeeded. DSMF ¶ 28. Roman's ultimate award, including attorneys' fees, costs and the award on the wage claim, totalled $13,524.25. Id. ¶ 4.

Maietta Construction has now sued Roman alleging wrongful use of civil proceedings in Roman's filing and prosecuting the federal case. Id. ¶ 1. Steve Roman seeks summary judgment on the complaint arguing that he had probable cause to file and prosecute the federal case and that the federal case did not terminate in Maietta's favor. For the following reasons, the Defendant's Motion for Summary Judgment is granted.

## DISCUSSION

To prevail on his claim of wrongful use of civil proceedings, the Plaintiff must prove that (1) Roman initiated, continued or procured civil proceedings without probable cause, (2) with a primary purpose other than securing the proper adjudication of the claim upon which the proceedings were based, and (3) those proceedings were terminated in favor of Maietta. See Pepperell Trust Co. v. Mountain Heir Financial Corp., 1998 ME 46, ¶ 15, 708 A.2d 651, 656. The Plaintiff's failure to establish a favorable termination in the underlying suit is fatal to its claim.

The issue of whether a party may assert a wrongful use of civil proceedings claim when that party prevailed only partially in the underlying case is one of first impression in Maine. Where the situation arises that the original defendant wins only a portion of the underlying case, other jurisdictions have adopted the approach that the original defendant may only sue for wrongful use of civil proceedings if the

4

underlying claims were severable. See, e.g., Brin v. Stutzman, 951 P.2d 291, 298-99 (Wash. Ct. App. 1998); Paramount Gen. Hosp. Co. v. Jay, 261 Cal. Rptr. 723, 728 (1989); Brown v. Monticello State Bank, 360 N.W.2d 81, 86 (Iowa 1984).

Because the United States District Court for the District of Maine entered judgment in favor of Roman on his overtime claim for the hours he spent working on the stock cars on the Maietta premises, Maietta could only have received a favorable termination in the underlying suit if Roman's claim for hours spent at the race track was not inextricably intertwined with the overtime claim. The issue of Maietta's favorable termination is therefore dependent upon the two claims' severability.

The Plaintiff argues that its July 11, 1995 offer to settle the compensatory time claim (one-half time for 113.5 overtime hours) is evidence of severability as there would not have been a lawsuit if that had been Roman's only claim. This offer does not establish the severability of the claims, however. The claim for wages for the hours Roman spent at the race track and the claim for compensatory time were inextricably intertwined because a later action would have been barred through the operation of *res judicata*. See Newfound/Owatonna v. Harrison, 1998 ME 20, ¶ 11, 705 A.2d 1109, 1113 ("Claim preclusion bars the relitigation of a claim 'if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action.' " (citation omitted)).

A later cause of action would clearly have presented the same "aggregate of

5

connected operative facts." Id. The two federal court claims involved the same type of work, entailed the same evidence and witnesses, covered the same time period and the authority for both claims was the Fair Labor Standards Act. Because *res judicata* would have barred a later action, the two claims were not severable. Maietta therefore did not prevail in the underlying proceeding.

The entry is

Defendant's Motion for Summary Judgment is GRANTED.

Dated at Portland, Maine this 15th day of June, 2001.

Robert E. Crowley
Justice, Superior Court

Date Filed __01-06-00__ __CUMBERLAND__ Docket No. __CV-00-013__

County

Action __DAMAGES__

MAIETTA CONSTRUCTION, INC. STEVE ROMAN

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| TIMOTHY H. NORTON, ESQ. 775-1020<br>PO BOX 597, PORTLAND, ME 04112 | WENDELL LARGE ESQ 774-7474<br>PO BOX 9545<br>PORTLAND ME 04112-9545 |

Date of
Entry