STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-249
PAF - YOR - 1/11/2002

GERARD P. DUNN, Individually
and o/b/o THOMAS M. DUNN,

      Plaintiff

  v.

ARIANE K. COMETA,

      Defendant

**ORDER
AND
DECISION**

    Gerald Dunn, who has been the conservator for his son, Thomas Dunn, since August of 1997, has filed this seven count complaint against his son's ex-wife. The defendant has moved for partial summary judgment. The motion poses some challenging legal issues, see *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 14 (1976), regarding the doctrines of *res judicata*, interspousal immunity, and the right to a jury trial.

    Thomas Dunn and Ariane Cometa, M.D. were married in 1989. In September of 1994, while they were married, Mr. Dunn suffered a severe brain injury leaving him permanently and totally disabled. From the time of injury through June of 1997 Mr. Dunn was treated in a variety of facilities in Maine. Since then he has resided in Georgia under the direction of his father. A divorce action was filed in April of 1997 and a divorce was granted in December of 1998 by the Maine District Court. Thomas Dunn was vigorously represented by experienced counsel in the divorce.

The first count of the complaint alleges breach of fiduciary obligations and responsibilities by Dr. Cometa by not caring properly for her then husband and permitting his economic circumstances to deteriorate. Count II seeks damages for negligence and waste in her handling of her husband's financial affairs. Count III is a claim for intentional infliction of emotional distress against Dr. Cometa for keeping Thomas Dunn at a residential facility in Maine rather than under other, allegedly superior, arrangements. It is claimed that this was done so that she could begin and maintain a personal relationship with another man. Count IV is a related claim for negligent infliction of emotional distress while Count V is the companion count seeking punitive damages for malicious behavior. Lastly Counts VI and VII, which are not subject to the motion for partial summary judgment, are claims for breach of contract or unjust enrichment related to funds spent by Gerard Dunn on behalf of his son.

The first issue is whether Counts I and II are barred by *res judicata* or claim preclusion. That doctrine bars re-litigation of a claim if ". . . (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action." *Camps Newfound/Owatonna Corp. v. Town of Harrison*, 1998 Me. 20, ¶11, 705 A.2d 1109, 1113. Dr. Cometa began a divorce action in 1997. The divorce court did award spousal support and is required to consider ". . . economic misconduct by either party resulting in the diminution of marital property or income" as a factor in determining an award of spousal support.

See 19-A M.R.S.A. §951-A(5)(M) and *Mutual Fire Insurance Co. v. Richardson*, 640 A.2d 205, 208-9 (Me. 1994).

The parties or their privies are or were involved in both the divorce and this case. A valid final judgment was entered in the divorce action. The matters in Counts I and II of this case could have been litigated in the first case and were, for a time, actually litigated. Counsel for Thomas Dunn raised issues of economic misconduct, and deposed Dr. Cometa at some length on those issues and obtained numerous documents from her. While counsel chose not to go forward with these issues at the divorce hearing and attempted to reserve those issues for this separate suit, the issues in Counts I and II were partially litigated and could have been litigated to conclusion. A tactical decision not to litigate them in the divorce court precludes them from being brought now. Judgment will enter for the defendant on Counts I and II.

On March 24, 1993 the Law Court decided *Henricksen v. Cameron*, 622 A.2d 1135 (Me. 1993) by a 4-2 vote after having the case under advisement for nearly 11 months and after taking the uncommon step of having the case re-argued. The case presented challenging issues regarding both interspousal immunity and *res judicata*. The *Henricksen* case requires close examination.

The Law Court began its opinion, at 1137, with, "In this case, we are asked to decide whether a spouse, now divorced, may recover for emotional suffering intentionally inflicted by a former spouse during their marital relationship through physical violence and accompanying verbal abuse." The description of the case was

3

drafted with exacting precision. The expansion of rights, through a reduction in the scope of interspousal immunity, involved emotional suffering, not economic losses. It involved intentional infliction of emotional suffering not negligent infliction. Lastly it required physical violence and accompanying verbal abuse. The abuse included rape and assault. See 1137. Note 3, at page 1138, indicated that, "Liability is usually limited to those situations where a clear abuse of marital privilege exists."

The Law Court continued at page 1138 by framing the case as "The issue before us then, is whether physical violence accompanied by verbal abuse that was intended to inflict emotional distress is, by virtue of the mutual concessions implicit in marriage, privileged or not tortious because the parties were married to each other when that violence occurred. We hold that it is not so privileged." At pages 1138 through 1140 the Court carefully considered the conflicting policies at play and noted the strict requirements of a claim for intentional infliction of emotional distress. Those rigorous requirements would preclude excessive or frivolous litigation. In concluding, however, the Court held, at 1140, "No valid public policy suggests making the intentional infliction of emotional distress through physical violence and accompanying verbal abuse during the marriage privileged conduct... . We hold, therefore, that such an action between spouses is not barred by interspousal immunity."

Did the Law Court limit the reduction in the scope of interspousal immunity to cases of intentional infliction of emotional distress involving physical violence

4

and verbal abuse because that was the issue presented to it or because that was as far as it wanted to go? It would be presumptuous of a Superior Court justice to attempt to answer that question. It was, however, as far as the court went in a very carefully drafted long deliberated case.

In this area of setting policy it is wiser for the Superior Court to base its ruling on precisely what the Law Court did rather than attempt to predict what the Law Court might do nearly a decade later under different facts. If there is to be a further reduction in the scope of interspousal immunity and an expansion in the types of claims, merited or meritless, that can be brought it is for the Law Court or the Legislature to do so. I have considered the recommended decision of Magistrate Judge Cohen and the decision of the First Circuit in the companion federal litigation in reaching this conclusion as to my proper role.

In our case it is claimed that Dr. Cometa acted shamelessly and callously in cheating on her brain damaged husband, harming him financially, emotionally and medically, and in verbally berating him. There is no claim of physical violence. Under these circumstances and a strict reading of *Henricksen*, judgment will be entered for the defendant on Counts III, IV and V.

As the interspousal immunity doctrine precludes Counts III, IV and V under the facts of this suit, it is not necessary to consider the doctrine of *res judicata* and the right to a jury trial on Counts III, IV and V. The question of a right to a jury trial deals only with what type of trial one gets if one is entitled to a trial. Who will the factfinder be? The right to a jury trial does not create a right to a trial when there is

5

no right to a trial of any kind because of either the doctrines of *res judicata* or interspousal immunity.

The entry is:

Judgment for the defendant on Counts I, II, III, IV and V of the complaint.

Dated:        January 14, 2002

Paul A. Fritzsche
Justice, Superior Court

David J. Van Dyke, Esq. - PL
Anne M. Carney, Esq. -    DEF