STATE OF MAINE

KNOX, ss.

STATE OF MAINE
Knox. S.S., Clerks.Office
SUPERIOR COURT

NOV 17 2004

RECEIVED AND FILED
Susan Guillette, Clerk

SUPERIOR COURT
CIVIL ACTION
DOCKET NO AP-03-016
JRA KNO

AARON J. MILLER,

      Petitioner

v.

MAINE DEPARTMENT OF
CORRECTIONS, MARTIN
MAGNUSSON, COMMISSIONER,
JEFFREY D. MERRILLL, WARDEN,
STEVEN ROWE, ATTORNEY GENERAL,

      Respondents

DECISION AND ORDER

DONALD L.

NOV 30 2004

## I.    Introduction.

This matter is before the court for disposition of 13 pending motions. Among these is the Respondents' Motion to Dismiss which, the parties agree, ought to be addressed first because it may be dispositive of the case; that is, if the motion is granted, there is no need to address the remaining motions.

## II.    Motion to Dismiss.

The respondents have filed this motion seeking to have the pending petition for judicial review denied in its entirety. The petition, filed by Maine State Prison inmate Aaron Miller ("Miller") seeks judicial review of governmental action pursuant to M.R. Civ. P. 80B,[1] namely the alleged wrongful detention of the petitioner's property (CD's and catalogues) sent to him by mail but not delivered to him by prison authorities. Miller also seeks a declaratory judgment that the mail policy which allowed the seizure of his mail is a rule which should have been, but was not, adopted under the

---

[1] The appropriate rule to challenge the action of a state government agency such as the Department of Corrections is M.R. Civ. P. 80C, not 80B.

procedures of Administrative Procedures Act (APA). He also claims the mail policy is unconstitutional and, therefore, its enforcement needs to be enjoined.

The respondents cite five reasons why this case ought to be dismissed, three in their motion, one in their reply brief and one in a letter sent to the court approximately two weeks before argument on this motion. As four of these arguments have merit, the motion is to be granted and the case dismissed.

The first and most compelling argument advanced by the respondents was articulated in a letter to the court dated August 19, 2004.[2] In it, counsel for the respondents directs the court's attention to the amended decision and order in the case of *Long Timers Group, et al., v. Martin Magnusson, et al.,* Knox County Docket No. CV-03-061. In that dispositional order, this court (Brodrick, A.R.J.) granted the defendant's motion for summary judgment and specifically held that the mail policy in question in that case and this, DOC Policy 21.2, was a policy and not a rule so that the Commissioner of the Department of Corrections, it may be inferred, need not follow the rulemaking process of the APA. The court also concluded that 5 M.R.S.A. § 8058(1), which would sanction the review of an agency rule by a declaratory judgment action, does not apply when a policy, as opposed to a rule, is being challenged. The court also found that the plaintiffs in that case did not exhaust their administrative remedies before they commenced that action so that judgment would be entered for the defendant in that case.

---

[2] Obviously, the manner in presenting arguments to the court in support of a motion should be by memorandum. M. R. Civ. P. 7(b)(3). In this instance, however, the respondents' memorandum, the petitioner's opposition, and the respondents' reply were all filed before the decision and order cited in the letter was filed. Moreover, the petitioner has not objected to the submission of an argument by letter which was addressed by both parties at final argument. Finally, were the court to reject this argument on procedural grounds, it would be required to assess the merits of a case which appears to be nearly identical to a case already decided by this court – an obvious waste of time and resources.

The respondents say that the issues in that case were the same as the issues here and that Miller was a plaintiff in that matter so he cannot pursue this case because principles of res judicata bar him from doing so. A review of the filings in *Long Timers Group, et al. v. Martin Magnusson, et al.* supports this contention. In the *Long Timers* case, the plaintiffs were a class of inmates at the Maine State Prison which included Miller. In fact, in that case Miller filed an affidavit, presumably to establish himself as a member of the class, which recites that he is the petitioner in this case and incorporates his claims with those in the *Long Timers* matter, namely that pursuant to Policy 21.2 he has been deprived of CD's and catalogues sent to him by mail. The only difference which the court can discern between the *Long Timers* case and the case at bar is that the amended complaint in the former asked for a declaration that DOC Policy 21.1 is void and unenforceable because it is unconstitutional and adopted in a fashion contrary to the APA and seeks an injunction against the enforcement of the rule, while the case at bar asks for the same remedies but also invokes M.R. Civ. P. 80B (sic) to have the court review the prison's enforcement of the policy as it was applied to Miller's mail.[3] This distinction, however, is not a significant one because the basis for Miller's request to review the withholding of his own mail is the same as the one cited in the *Long Timers* case, namely that the policy which authorized the nondelivery of mail was unconstitutional and adopted in violation of the APA.

From this history, it appears that res judicata bars the prosecution of this case. Res judicata precludes relitigating a claim that was actually litigated and decided in an earlier case. *Camps Newfound/Owatonna Corp. v. Town of Harrison, et al.,* 1998 ME 20,

---

[3] Because the two cases are so similar, this court (Alexander, J.) ordered them consolidated at the request of the plaintiffs, including Miller, who as noted, was a plaintiff in each case. It is unknown why the two cases were not argued at the same time as this order required.

¶ 11; 705 A.2d 1109, 1113. A transactional test is applied to define a cause of action which is articulated as follows:

> the measure of a cause of action is the aggregate of connected operative facts that can be handled together conveniently for purposes of trial. A prior judgment bars a later suit arising out [of] the same aggregate of operative facts even though the second suit relies on a legal theory not advanced in the first case, seeks different relief than that sought in the first case, and involves evidence different from the evidence relevant . . . to the first case.

*Camps Newfound/Owatonna v. Town of Harrison, et al., id.,* (quoting *Connecticut National Bank v. Kendall,* 617 A.2d 544, 547 (Me. 1992) (internal citations omitted)).

The case at bar fits precisely within this definition in that Miller, as a member of the class of plaintiffs in the *Long Timers* case, and as petitioner in this case, has presented the same operative facts in each case, namely the enforcement of the State Prison mail policy which deprived him, and other inmates, of mail. Both claims allege constitutional and administrative defects in the adoption and application of the policy, but the second case simply adds a claim for review of the prison's action as it relates to specific pieces of his mail. This being so, this plaintiff may not split his case and prosecute each of its parts in separate lawsuits. *Camp Newfound/Owatonna v. Town of Harrison, et al., id.,* at ¶ 12, 705 A.2d at 1109. To allow him to do so would be to place an additional burden on this court and his adversary when he already has had his opportunity via his class to have this court address his grievance.

At oral argument, the petitioner asserted that the result in the *Long Timers* case should not be held against him in this case because he did not have the opportunity to argue that case personally. However, he and his colleagues did have the benefit of legal counsel in that case to whom the task of argument was assigned as the parties' lawyer

and, further, by virtue of joining that class, the petitioner surrendered the option of "going alone" in a second, identical case.[4]

For all these reasons, then, this case must be dismissed as barred by res judicata.

That being the case, there is little profit in addressing the other bases advanced by the respondents in support of their motion to dismiss. The court will nevertheless address them briefly as here follows.

The first argument articulated in the respondents' memorandum in support of the pending motion is that because the mail policy is a policy rather than a rule, it cannot be challenged on the basis that it was adopted in violation of the rulemaking process prescribed in the APA. The statute which authorizes judicial review of administrative rules, 5 M.R.S.A. § 8058(1), is therefore inapplicable and the petitioner must rely on a judicial review of final agency action, 5 M.R.S.A. § 11001, *et seq.* to remedy his grievance concerning the detention of his mail.

Because this court in the *Long Timers* case has already specifically found that DOC Policy 21.2 is a policy and not a rule, that determination is binding on the court and it must conclude that its adoption did not violate the rulelmaking process of the APA. Moreover, even if the court were to reconsider this claim on its merits, the court would be compelled to find that the mail policy is not a rule because it does not fit within the definition of a "rule" under the APA. According to 5 M.R.S.A. § 8002(9)() a "rule" is a regulation or statement of policy which is intended to be judicially enforceable, but does not include policies concerning "only the internal management of an agency . . . and not judicially enforceable." 5 M.R.S.A. § 8002(9)(B)(1).

---

[4] As evidence that the petitioner has considered this case to be the same as the *Long Timers* case, he filed an appeal of this court's order granting summary judgment in the *Long Timers* case using the title, caption, and docket number in this case as his vehicle to do so.

In the court's view, the mail policy is not a rule which would be susceptible to judicial enforcement. Also, there can be no question that the Department of Corrections has the authority to adopt this policy, and has no need to resort to the courts to enforce it. Moreover, the petitioner has cited no fact, rationale, or precedent which would permit the court to conclude otherwise.

Accordingly, the court would concur in the conclusions articulated in the Amended Decision and Order which determined that DOC Policy 21.2 is a departmental policy and therefore not subject to review via 5 M.R.S.A. § 8058(1).

The respondents also argue that the petitioner's declaratory judgment count must be dismissed because it did not comply with M.R. Civ. P. 80C(i). That rule reads in pertinent part as follows:

> (i)    Joinder with Independent Action. If a claim for review of governmental action under this rule is joined with a claim alleging an independent basis for relief from governmental action, the petition shall contain a separate count for each claim for relief asserted, setting forth the facts relied upon, the legal basis of the claim, and the relief requested. A party in a proceeding governed by this rule asserting such an independent basis for relief shall file a motion no later than 10 days after the petition is filed, requesting the court to specify the future course of proceedings. . . . .

So, because the petitioner had added a declaratory judgment claim with his Rule 80C appeal, he was required to file a motion to specify the future course of proceedings within 10 days of the filing of the petition. Here, the petition was filed on August 11, 2003, but the petitioner filed duplicate motions to specify future course of proceedings on September 23, 2003, and October 24, 2003, well after the 10-day deadline prescribed in the rule had passed.

While such a misstep need not result in dismissal, it adds weight to the cumulative effect of the other reasons to dismiss this claim, the most important of which is this court's determination that the declaratory judgment claim here is the same as the

one which was disposed via summary judgment in the *Long Timers* case. As such, res judicata would bar prosecution of this claim in any case.

The third basis cited by the respondents in their memorandum to dismiss this case is that the petitioner failed to file his appeal with this court in a timely way. More specifically, the respondents state that the Department of Corrections has a three level grievance process with the Commissioner conducting the final step. Because the petitioner did not follow this three-step process within the time periods prescribed, the respondents argue, and the court concurs, that there never was any final agency action. That being so, any appeal filed with this court would be untimely and would require dismissal.

The petitioner seeks to be excused from the requirement that he exhaust administrative remedies because to do so would have been futile, and because this case is not an appeal of a final agency action. As to the second argument, it is clear that that the petitioner is challenging DOC Policy 21.2 itself and as it has been applied to him. As to either claim, he was required to exhaust the administrative procedure at the agency level. His failure to do so, unless it meets an exception to this traditional rule of administrative law, must result in the case being dismissed by the court. The statutory exception to the need to exhaust the agency grievance process is that intermediate or nonfinal agency action may be reviewed if "the final agency action would not provide an adequate remedy." 5 M.R.S.A. § 11001(1). Futility in pursuing the final step in the process may qualify as a basis to conclude that the process would not provide an adequate remedy. *Minster v. Town of Gray*, 584 A.2d 646, 648 (Me. 1990). However, "review of non-final agency actions should be undertaken only when 'the parties face the prospect of irreparable injury, with no practical means of procuring effective relief

after the close of the proceedings.'" *Northeast Occupational Exchange v. Bureau of Rehabilitation,,* 473 A.2d 406, 410 (Me. 1984).

In the court's view, the petitioner cannot satisfy this test because, according to the record, he was aware of the new mail policy and its effect on him in August of 2002 but waited for a year to file this petition. Not only would this passage of time belie any assertion that the mail policy's administration caused irreparable injury, it demonstrates that the petitioner had ample time to pursue his grievance within the department before turning to this court. Moreover, even if the final step the petitioner took, namely his appeal to the warden, might be considered an intermediate agency action from which he might appeal, the warden turned down the petitioner's request on August 26, 2002, and the appeal would need to have been filed with this court 30 days later. 5 M.R.S.A. § 11002(3). Because, as noted, the appeal was filed in August of 2003, it would have to be considered late and subject to dismissal.

Finally, in their reply memorandum, the respondents argue that their motion ought to be granted because the petitioner's opposition memorandum was filed more than 21 days after the motion was filed. The respondents, however, never included the notice required by M.R. Civ. P. 7(b)(1)(A) which would serve to warn the petitioner that his failure to reply to the motion in 21 days would be deemed a waiver. By the plain terms of that rule, the failure to include the notice permits the opposing party to be heard even though his opposition is late.

So, because the respondents did not attach the notice prescribed by M.R. Civ. P. 7(b)(1)(A), the motion cannot be granted on the basis that the opposition was late.

In the end, however, the motion will be granted for the reasons stated herein.

Accordingly, the clerk is DIRECTED to make the following entry:

Respondents' Motion to Dismiss Petitioner Miller's Petition for Review (With Declaratory Judgment Claim) Pursuant to M.R. Civ. P. 12(b)(1), (6) is GRANTED. All other pending motions are DENIED as moot. Case is DISMISSSED.

So ordered.

Dated: November _16_, 2004

John R. Atwood
Justice, Superior Court

Date Filed __8/11/03__ ____Knox____     Docket No. ___AP-03-016___

                          County         **CONSOLIDATED WITH CV-03-061**

Action ___80C Appeal___

                                    MAINE DEPARTMENT OF CORRECTIONS,
                                    MARTIN MAGNUSSON,
        AARON J. MILLER        vs. JEFFREY D. MERRILL AND STEVEN ROWE

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Pro Se<br>Maine State Prison<br>807 Cushing Rd<br>Warren ME 04864<br><br>Randy Robinson, Esq.<br>~~45 Kalers Corner Rd~~ PO Box 8013<br>~~Waldoboro ME 04572~~ Portland ME 04104 | Susan Sparaco, Esq.<br>Assistant Attorney General<br>6 State House Station<br>Augusta ME 04333 |

| Date of Entry | |
|---|---|
| 8/11/03 | 80C Appeal; $100 filing fee; Motion for Stay of Execution of Governmental Action and Proposed Order filed by Aaron Miller. |
| 9/08/03 | On 9/3/03, Request filed by Aaron J. Miller to have this case consolidated with CV-03-061. |
| 9/8/03 | Order filed:<br>ORDERED: The actions in AP-03-016 and CV-03-061 are consolidated and will be heard together in further considerations.<br>Dated: 9/4/03<br>Alexander, J.<br>Copy mailed to Aaron Miller and AAG Sleek. |
| 9/8/03 | Temporary Restraining Order filed:<br>Ordered:<br>1. Pending further order of this court, the defendants and their employees and agents, shall retain and not destroy or return any mail addressed to, and not delivered to, the plaintiffs listed in the petition appearing in the the file if that mail:<br>(a) has a verifiable return address appearing on the envelope or outer cover, or otherwise clearly visible without opening the mail in any way; and<br>(b) Is First Class or Second Class mail, or if not First Class or Second Class mail, primarily discusses religion or legal subject matter or discuss issued relating to the November 2003 election; and<br>(c) Does not contain alcohol, drugs, weapons, food items, or any material or subjects addressed in Procedure VI(D)(2) of policy number 21.2.<br>2. This Temporary Restraining Order shall expire at 4:00 p.m. on October 10, 2003, unless further extended by the court.<br>Dated: 9/4/03<br>Alexander, J.<br>Copy mailed to Aaron Miller and AAG Sleek. |
| 9/8/03 | Scheduling Order filed:<br>Hearing on Preliminary injunction schedule for 10/8/02 at 9:30 am at the Wiscasset Superior Court. |