ANNIE LAURA ROSE, ADMX.

ESTATE OF JACOB W. SILLIKER *vs.* GEORGE OSBORNE, JR.

Androscoggin.     Opinion, May 20, 1938.

*Berman & Berman* (Lewiston, Maine), for plaintiff.
*Ralph W. Crockett,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

THAXTER, J.    More than four years ago the plaintiff, who is the administratrix of the estate of Jacob W. Silliker, filed a bill in equity to recover the proceeds of three savings accounts which originally stood in the name of Jacob W. Silliker, one in the Androscoggin County Savings Bank, situated in Lewiston, Maine, amounting to $5481.18, another in the Savings Bank of New London in Connecticut, amounting to $5370.72, and the third in the Mariners Savings Bank also located in New London, amounting to $7301.72. The question at issue was whether a valid gift *inter vivos* had been made of these by Silliker to the defendant. The Justice who heard the case entered a decree holding that the account in the Lewiston bank was the property of the plaintiff and that the defendant was the owner of the two accounts in the Connecticut banks. The plaintiff appealed and in an opinion filed July 26, 1935 the appeal was sustained only as to the account in the Mariners Savings Bank which was held to be the property of the plaintiff. The direction of the mandate from the Law Court was for a "decree in accordance with this opinion." *Rose, Admx.* v. *Osborne,* 133 Me., 497, 180 A., 315, 321.

A draft of a decree was filed by the plaintiff December 9, 1935, and the defendant within five days after receipt of notice thereof filed corrections thereto in accordance with equity rule XXVIII. A hearing was had on the issue thereby raised about January 1, 1936 but no decision was rendered. Apparently the plaintiff discovered that the defendant, at some time prior to the issuance of the injunction on the original bill, had withdrawn money from the Mariners Savings Bank and from the Androscoggin County Savings Bank,

had used the same, and had no funds with which to make good the amount of such withdrawals except the deposit in the Savings Bank of New London. She sought by the terms of the decree to force the application of this deposit to make good the deficiency. With matters in this status, she also on September 13, 1937 filed a so-called supplemental bill, the purpose of which was to reach the same result which she was seeking by her draft of the decree on the original bill. The defendant thereupon on October 2, 1937 filed with the sitting Justice a motion for a decision on the form of the decree, the hearing on which matter had been had in January 1936. The plaintiff objected to the allowance of this motion until there should be a hearing and decision on the supplemental bill. The plaintiff's contention was sustained by the Justice and a hearing was then had as one cause on the form of the decree on the original bill and on the supplemental bill. Without a decision on either question the cause was reported with the consent of the parties to the Law Court.

R. S. 1930, Chap. 91, Sec. 53, requires the single Justice when a mandate has been received from the Law Court, to enter a decree "in accordance with the certificate and opinion of the law court." The sitting Justice has no authority to depart from the mandate in any respect or to postpone the filing of the decree. *Whitney* v. *Johnston*, 99 Me., 220, 58 A., 1027. A party aggrieved by the form of the decree as entered has a right to except thereto, and the procedure for bringing the question before the Law Court is specifically set forth in Rule XXVIII. There is no provision by which the matter can be reported.

The procedure prescribed by the statute and the rule was in this case not followed. The decree should have been entered forthwith in accordance with the opinion of the Law Court.

If the so-called supplemental bill is in the nature of an addition to or continuance of the original bill, it will not lie, for the case stood as finally decided by the Law Court on the filing of the mandate. If the so-called supplemental bill is in the nature of a bill to enforce a decree, it is premature, if brought before the entry of the decree on the original bill.

As there is nothing before this Court on which to act the entry must be

*Report discharged.*