ANNIE LAURA ROSE, ADMINISTRATRIX,
ESTATE OF JACOB W. SILLIKER

*vs.*

GEORGE OSBORNE, JR.

Androscoggin.     Opinion, February 16, 1940.

*Berman & Berman* (Lewiston, Maine), for plaintiff.
*Ralph W. Crockett*, for defendant.

SITTING: DUNN, C. J., STURGIS, THAXTER, HUDSON, MANSER, JJ.

HUDSON, J.   On report. Thrice heretofore these parties have presented litigation to this Court pertaining to the three savings accounts still involved: viz., one in Androscoggin County Savings Bank of Lewiston, Maine, another in Savings Bank of New London, Connecticut, and still another in Mariners Savings Bank, also of New London.

That first determined was the ownership of these accounts between the plaintiff, the administratrix of the estate of Jacob W. Silliker, the depositor, and George Osborne, Jr., his nephew, the latter having claimed all of them by reason of alleged gifts *inter vivos*. In that action (*Rose* v. *Osborne*, 133 Me., 497, 180 A., 315) it was held that there had been a valid gift *inter vivos* to the defendant only of the account in the Savings Bank of New London.

Therein the Law Court directed that decree issue in accordance with the opinion. Counsel for the plaintiff drafted a decree, to which defendant's counsel filed corrections. Equity Rule XXVIII. Although hearing was had, no decision was *then* rendered by the single justice. No doubt having learned that before the issuance of the injunction on the original bill the defendant had withdrawn money from the Mariners Savings Bank and the Androscoggin County Savings Bank accounts, the plaintiff "sought by the terms of the decree to force the application" of the deposit in the Savings Bank of New London "to make good the deficiency."

But before decree was signed, the plaintiff brought a so-called supplemental bill seeking to accomplish the same purpose thereby. That supplemental bill was not heard below, but, together with the question as to the decree on the original bill, was reported to the Law Court. In *Rose, Adm'x* v. *Osborne, Jr.*, 135 Me., 467, this report was discharged, the Court saying on page 469, 199 A., 623, 624:

"If the so-called supplemental bill is in the nature of an addition to or continuance of the orignial bill, it will not lie, for the case stood as finally decided by the Law Court on the filing of the mandate. If the so-called supplemental bill is in the nature of a bill to enforce a decree, it is premature, if brought before the entry of the decree on the original bill."

Thereafter, decree on the original bill was signed and filed in which, as to the Androscoggin County Savings Bank account, it was adjudged:

"That on the date of the death of the said Jacob W. Silliker, the amount of said deposit in said Androscoggin County Savings Bank aggregating $5481.18, came into the possession of the defendant, who holds the same for the use and benefit of the plaintiff.

". . . That the said plaintiff as the Administratrix of the Estate of the said Jacob W. Silliker, is entitled to receive from the said defendant the said sum of $5481.18, together with the increase thereof, and the said defendant is hereby ordered to pay the same to the said plaintiff within twenty days from the date of the signing of this Decree, including the increase upon said sum to the date of said payment,"

and as to the Mariners Savings Bank account:

"That on the date of the death of said Jacob W. Silliker, the amount of said deposit in said Mariners Savings Bank amounting to $7301.72 was the property of the said Jacob W. Silliker and not the property of the defendant.

". . . That on the date of the death of the said Jacob W. Silliker, the amount of said deposit in said Mariners Savings Bank amounting to $7301.72 came into the possession of the defendant, who holds the same for the use and benefit of the plaintiff.

". . . That the said plaintiff as the Administratrix of the Estate of the said Jacob W. Silliker, is entitled to receive from the said defendant the sum of $7301.72, together with the in-

crease thereof, and the said defendant is hereby ordered to pay the same to the said plaintiff within twenty days from the date of the signing of this Decree, including the increase upon said sum to the date of said payment."

By this decree it was also adjudged:

"That the accounts standing in the Savings Bank of New London on the date of the death of the said Jacob W. Silliker were the property of the defendant, so that he is entitled to receive the same."

Thus the plaintiff did not obtain by decree the relief sought: viz., restoration of said withdrawals by use of the defendant's account in the Savings Bank of New London.

To this decree she took exceptions which were argued before and overruled by this Court. *Rose, Admx.* v. *Osborne, Jr.*, 136 Me., 15, 1 A., 2d, 225. The opinion in that case came down August 16, 1938. Two days later she brought this present bill which her counsel terms a "supplemental bill in the nature of a bill to enforce a decree,"— viz., the decree on the original bill.

The defendant, in his answer to the pending supplemental bill, inserted a demurrer which, as we view the law dispositive of this case, alone needs to be considered.

The defense of "a new and distinct cause of action" set forth in a supplemental bill "may be taken advantage of by demurrer when apparent by the bill." Whitehouse Equity Practice, Vol. 1, Sec. 135, page 261. Relief different from that sought in the original may be obtained by a proper supplemental bill, where the cause of action is the same.

"It," meaning the supplemental bill, "will never lie to introduce a new cause of action which has arisen since the filing of the original bill. . . ." Whitehouse, *supra*, page 259.

In *Birmingham* v. *Lesan*, 77 Me., 494, the following quotation on page 498, 1 A., 151, 152, is taken with approval from *Pinch* v. *Anthony*, 10 Allen, 470:

". . . we know of no case that goes so far as to authorize a party who has no cause of action at the time of filing his origi-

nal bill, to file a supplemental bill in order to maintain his suit upon a cause of action that accrued after the original bill was filed, even though it arose out of the same transaction that was the subject of the original bill."

In the Massachusetts case, *supra*, it was also stated on page 477 :

"*Milner* v. *Milner*, 2 Edw. R., 114, is an authority against allowing a new cause of action to be stated in a supplemental bill. But the plaintiff may by means of a supplemental bill introduce into his case facts that have occurred since the original bill was filed. The extent to which this may be done is not definitely settled. But if he goes too far in this respect, the defendant has opportunity to object to it when leave is asked to file the supplemental bill ; *Pedrick* v. *White*, 1 Met., 76 ; or by demurrer to the bill for that cause after it is filed."

In 19 Am. Jur., it is stated in Sec. 350 on page 244 :

"While the prayer of a supplemental bill may ask for other and different relief from that demanded in the original bill, the new matter introduced should be such as refers to and supports the case made in the original bill and the prayer should likewise be in furtherance of that case. An inconsistency between the supplemental bill and the original bill either as regards subject matter or prayer is fatal."

Judge Story, in his Commentaries on Equity Pleadings, stated on page 323 :

"But where a supplemental bill is brought in aid of a decree, it is merely to carry out and to give fuller effect to *that decree*, and not to obtain *relief of a different kind on a different principle* ; the latter being the province of a supplementary bill in the nature of a bill of review, which cannot be filed without the leave of the court." (Underscoring ours.)

In the original bill the fact of these withdrawals did not appear. No relief therefor was sought therein, but following filing of the opinion, such relief by decree, as already stated, was asked and denied. As to that decree, this Court stated (*Rose, Adm'x* v. *Osborne*,

*Jr.*, 136 Me., on page 18, 1 A., 2d, 225), "What the justice did was right."

The relief heretofore denied is now sought in this pending supplemental bill, but it can not be given if it sets forth a new and distinct cause of action. The remedy, if any, would be by a new process, not supplemental.

Is the present cause of action new and distinct? We think so. The purpose of the original bill was only to determine the ownership of these bank accounts, and to give the plaintiff possession of that determined to be her property, not other property determined to be that of the defendant.

These accounts, although originally owned by Mr. Silliker, were entirely distinct from one another, as much so as though, instead of being bank accounts, there had been a bank account, a bond, and a certificate of stock. The defendant's unsuccessful attempt to prove ownership of all of them was based on alleged gifts *inter vivos* at and upon different times and occasions. The accounts did not constitute one fund.

What the plaintiff is now attempting to do in order to make up the withdrawals aforesaid is to reach and apply property heretofore determined to belong to the defendant. Without claiming to be able to trace her property or any part of it into the account in the Savings Bank of New London, she seeks to impress a trust thereon. This, we think, constitutes a different cause of action from that set forth in the original bill.

The plaintiff cites *Draper* v. *Stone, Admr. et al.*, 71 Me., 175. The action there was for specific performance of a contract to convey eighteen shares of stock held by the defendant in trust for the plaintiff. The defendant breached the trust by disposition of eight shares thereof. The Court held that inasmuch as the trustee held like stock of his own sufficient therefor, he must therefrom replace that sold and so ordered him to assign eighteen shares to the plaintiff, including eight of his own. In that case there was no supplemental bill. The Court had no occasion to decide what might have been done under a supplemental bill which stated a different cause of action. Cited in the opinion is Story's Equity Jurisdiction, Sec. 1263 as to replacement of property wrongfully converted by a trustee, but in Sec. 1259, in discussing the rights of a cestui que trust where the *res* had been so disposed of by the trustee, Judge Story had stated:

"So, if A. entrusts money with a broker, to buy Bank of England stock for him, and he invests the money in American stock, A. is entitled to, and may maintain an action at law for those stocks, in whosesoever hands he finds them, not being a purchaser for a valuable consideration without notice. It matters not in the slightest degree into whatever other form, different from the original, the change may have been made, whether it be that of promissory notes, or of goods, or of stock; for the product of a substitute for the original thing still follows the nature of the thing itself, *so long as it can be ascertained to be such.* The right ceases only, when the means of ascertainment fail; which, of course, is the case, when the subject-matter is turned into money, and mixed and confounded in a general mass of property of the same description." (Underscoring ours.)

In *Annis* v. *Security Trust Company*, 133 Me., 223, 175 A., 661, this Court has dealt recently with the doctrine of tracing trust property.

In Sec. 521, Vol. 3, of Scott on Trusts, the author, having stated four possible views as to the right of the owner of misappropriated property to priority over the general creditors of the wrongdoer, says on page 2498:

"The best view, it is submitted, is that the claimant is entitled to priority only if and to the extent that he is able to trace his property into a product in the hands of the wrongdoer at the time when he seeks to enforce his claim. If at that time the wrongdoer's assets include in one form or another the claimant's property, the claimant is entitled to restitution out of those assets. If the wrongdoer's assets do not include the claimant's property, he is not entitled to priority. This is the view which is taken by the stronger courts, including the Supreme Court of the United States."

In this supplemental bill, the plaintiff alleges insolvency of the defendant. This is denied in the answer. Thus insolvency might be an issue of fact and if it were determined to exist, would raise the question whether the plaintiff, if not able to trace her property into

that of the defendant, could impress a trust on the latter to the prejudice of the defendant's general creditors. We speak of this to show how different an issue this is from those presented by the original bill.

Plaintiff also relies on *Farnsworth, Admx.* v. *Whiting et al.*, 106 Me., 543, 76 A., 942, 943, but in that case (dealing with the well-established principle that a decree must follow the mandate and that a single justice can not enlarge or limit or modify the scope of the mandate or hinder or delay its execution), the Court said:

"In other words, a single Justice should sign such a decree as will *effectuate the decision of the court* and give to the prevailing party such remedy as the court decides he is entitled to." (Underscoring ours.)

The Court also stated that "subsidiary process, if necessary, to enforce *such decree*" (underscoring ours) would issue, but it is to be observed that in that case it had been decided that the one asking for the process was entitled to receive the identical property sought. Then the Court stated:

"To simply enter a decree to that effect while the nominal title still rests in the plaintiff, would be but one step in securing to the defendants their rights. It would decide that the defendants were entitled to the property but could not have it unless another bill in equity were brought to compel the transfer. This would be a useless formality and a court of equity cannot be so impotent."

Thus we distinguish that from the instant case.

We repeat: we consider that this supplemental bill sets forth a new cause of action separate and distinct from that in the original, and that being so, the relief now sought can not be granted.

Besides seeking to have a trust impressed upon the defendant's account in the Savings Bank of New London, plaintiff asks that the accounts in the two other banks be transferred or assigned to her in their depleted state. This relief should not be granted on this bill. The single justice has already decreed, as above noted, that the defendant pay the amounts due on said accounts to her. An amendment of that decree by the single justice could be made to accomplish an

assignment of the accounts themselves to the plaintiff without enlarging, limiting, or modifying the scope of the mandate in the original bill or hindering or delaying its execution. *Farnsworth, Admx.* v. *Whiting et al.*, supra.

The demurrer is well founded and must be sustained. The case is remanded for a decree in accordance with this opinion.

*So ordered.*

(DUNN, C. J., having deceased, did not join in this opinion.)