ANNIE LAURA ROSE, ADMINISTRATRIX

ESTATE OF JACOB W. SILLIKER

*vs.*

GEORGE H. OSBORNE, JR.

Androscoggin.　　　Opinion, October 5, 1940.

*Berman & Berman* (Lewiston, Maine), for plaintiff.
*Ralph W. Crockett,* for defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, JJ.

THAXTER, J.　In one form or another this case has already been before this court four times. *Rose v. Osborne,* 133 Me., 497, 180 A., 315; *Rose* v. *Osborne,* 135 Me., 467, 199 A., 623; *Rose* v. *Osborne,*

136 Me., 15, 1 A., 2d, 225; *Rose* v. *Osborne*, 136 Me., 393, 11 A., 2d, 345. A history of the litigation will be found in the last opinion. The litigation arose through the attempt of the plaintiff as administratrix of the estate of Jacob W. Silliker to recover three savings bank deposits which the plaintiff claimed were the property of the estate. In the first opinion this court held that two of them belonged to the estate, the other to the defendant. The subsequent litigation arose over the attempts of the plaintiff to reach the deposit admittedly belonging to the defendant to make good withdrawals which the defendant had made for his own account from the other two. A final decree was filed on the original bill June 22, 1938. Though this decree settled the ownership of the three deposits, there was in it no order that the defendant assign to the administratrix the deposits which belonged to the estate. The final opinion, 136 Me., 393, 11 A., 2d, 345, concerned a supplemental bill brought by the plaintiff to reach the proceeds of the third deposit and also to compel an assignment of the other two. It was held that this bill, being for a new cause of action would not lie. The court did, however, say, 11 A., 2d, 348:

> "Besides seeking to have a trust impressed upon the defendant's account in the Savings Bank of New London, plaintiff asks that the accounts in the two other banks be transferred or assigned to her in their depleted state. This relief should not be granted on this bill. The single Justice has already decreed, as above noted, that the defendant pay the amounts due on said accounts to her. An amendment of that decree by the single Justice could be made to accomplish an assignment of the accounts themselves to the plaintiff without enlarging, limiting, or modifying the scope of the mandate in the original bill or hindering or delaying its execution."

Following the above suggestion counsel for the plaintiff on February 16, 1940, filed a motion to amend the original decree by adding thereto an order that the defendant assign to the plaintiff the two accounts belonging to the estate. The motion was granted and the decree so amended. To the allowance of such amendment the defendant filed exceptions which are now before us on a certification by the presiding justice, in accordance with the provisions of R. S.

1930, Chap. 91, Sec. 68, that the exceptions are frivolous and intended for delay.

There is no merit in the exceptions. In allowing the amendment the presiding justice was acting in accordance with the suggestion of this court. The defendant complains because of the attempt of the plaintiff by a new action, instituted since the last opinion was rendered, to reach the proceeds of the third account and to the granting by the court of a temporary injunction against the transfer of such account. This is an independent proceeding with which we are not here concerned.

We concur in the view of the presiding justice that these exceptions are frivolous and intended for delay. More than five years ago this court ruled that this plaintiff was entitled to these deposits. She has not got them yet. It is high time that there should be an end to frivolous proceedings the only purpose of which seems to be to delay the administration of justice.

*Exceptions overruled with treble costs.*