MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2019 ME 104
Docket:        Yor-18-362
Submitted
 On Briefs:    April 24, 2019
Decided:       July 9, 2019

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

TOWN OF ARUNDEL et al.

v.

DUBOIS LIVESTOCK, INC., et al.

SAUFLEY, C.J.

[¶1]  Dubois Livestock, Inc., a corporation based in Arundel, and Cynthia Dubois, Trustee of the Randrick Trust (collectively, the Dubois entities) appeal from an order entered by the Superior Court (York County, *O'Neil, J.*) denying a motion for contempt filed by several individuals—Randy Dubois, Marcel Dubois, and Sol Fedder (the individuals)—against the town and others and granting the Town of Arundel's motion for sanctions in the form of a vexatious litigant order (VLO) in two consolidated land-use matters.  The Dubois entities now argue that the individuals lacked standing to file a motion in the matter, and thus the court's order on the merits of the motion and the VLO order should be vacated.  Because we agree that the individuals were not properly before the

2

court, the order on the motion for contempt must be vacated. Because the individuals were dismissed as parties to this appeal, the VLO must be vacated as well.

## I. BACKGROUND

[¶2]  In 2015, the Town filed two M.R. Civ. P. 80K complaints against the Dubois entities alleging violations of land-use laws.  In 2016, the parties agreed to a consent order resolving the issues, and the court entered a consented-to order that listed the Town and the Dubois entities as the only parties.  The individuals were not parties, and the order did not mention them.

[¶3]  One year later, the individuals filed a motion in that proceeding seeking a contempt order against the Town, the Arundel Planning Board (APB), and individual members of the APB,[1] asserting that they had violated the consent order by denying the Dubois entities a permit that it applied for a few months earlier.  *See* M.R. Civ. P. 66.  The Town responded by defending against the merits of the individuals' arguments.  In addition, the Town moved for sanctions in the form of a VLO against both the individuals and the Dubois

---

[1]  Except for the Town, the named alleged contemnors—the APB and individual APB members, Richard Ganong, Chip Basset, Jamie Lowrey, Tom McGinn, and Roger Morin—were not named parties at the origination of this matter or in the consent decree proceedings.  They were not parties to either M.R. Civ. P. 80K proceeding, and they were improperly named as defendants in the motion for contempt of the consent order.

entities. *See Spickler v. Key Bank of Southern Maine*, 618 A.2d 204, 207 (Me. 1992) (holding that "a court may enjoin a party from filing frivolous and vexatious lawsuits"). The Town did not raise the issue of the individuals' standing to file motions in the matter.

[¶4] In addressing the individuals' motion for contempt, the court heard oral argument on the meaning of the consent order from only the individuals and the Town.[2] Following the hearing, the court issued an order denying the motion for contempt on its merits. At the same time, the court entered a VLO against the individuals, prohibiting them from filing any proceedings against "individual town officials, . . . and others who [they] may try to sue in their individual capacity" without prior approval of the court. The court denied the motion for a VLO against the Dubois entities because the entities were not named in the contempt proceedings and had not filed the allegedly vexatious motion.

[¶5] The Dubois entities and the individuals timely filed a notice of appeal, *see* 14 M.R.S. § 1901 (2018); M.R. App. P. 2B(c)(1), and, after receiving briefing on the issue of standing, we entered an order dismissing the

---

[2] The court briefly asked the parties to address their standing in the matter. The parties confused the issue and failed to address it properly before the court.

individuals as parties to the appeal for want of standing. We also ordered, "The appeal of [the] Dubois [entities] will proceed in the usual course." M.R. App. P. 10(a)(4).

## II. DISCUSSION

### A. Motion for Contempt

[¶6] The Town, asking that the court's order denying the motion for contempt be affirmed, now argues that the individuals did have standing to file the motion, and therefore the court did not err in acting on that motion. The Town supports its argument by reasoning that the consent order "represented a global settlement of not only two Rule 80K land-use enforcement actions by the Town against Dubois, but also six pending cases" initiated by the individuals against the Town. Notably, none of the parties moved to consolidate the "six pending cases" in the trial court, nor are the cases part of the record on this appeal. *See* M.R. Civ. P. 42(a).

[¶7] Contrary to the Town's argument, nothing in the record before us provides party status to the individuals. Although a previous nonparty may be able to assert sufficient facts for a motion court to determine that it has an interest that would confer standing, *see Mortg. Elec. Registration Sys., Inc. v. Saunders*, 2010 ME 79, ¶¶ 7-8, 14, 2 A.3d 289, the nonparty must take

procedural steps to accomplish that result—for instance, by filing either a motion to join, *see* M.R. Civ. P. 18-21, a motion to intervene, *see* M.R. Civ. P. 24(a), or be substituted as the real party-in-interest, *see* M.R. Civ. P. 25— before it can file any substantive motions in the matter. It is in such a motion that the nonparty would assert the grounds upon which a court could determine it had standing and allow it to become a party in the action.

[¶8] Here, the individuals failed to file such a motion. No party sought to name the individuals as the correct defendants to the existing action or, when the trial court raised the issue, to substitute the Dubois entities as the correct party to the contempt proceedings. Accordingly, the individuals were not properly before the court. They were not parties, acknowledged parties-in-interest, or intervenors.

[¶9] Nevertheless, the Town argues that this procedural defect may be cured on appeal by "substituting" the Dubois entities as the "real party-in-interest" to the contempt proceedings. *See* M.R. Civ. P. 17(a), 25(c). We have held,

> Both Rule 17 and 25 are concerned with ensuring that the real party in interest is conducting the litigation. Rule 17 is used to correct an action that was filed and then maintained by the wrong party, or was filed in the name of the wrong party. Rule 25, in comparison, is used to substitute a second party for the original party when, in the course of litigation or pendency of an appeal, the

6

> original party's interest ends or is transferred, or the original party becomes incompetent.

*Saunders*, 2010 ME 79, ¶ 17, 2 A.3d 289 (citations omitted); *see* M.R. Civ. P. 17, 25. In the matter before us, the Dubois entities were the correct named defendants at the commencement of the litigation, *see* M.R. Civ. P. 17(a), and the parties do not argue otherwise. Nor could Rule 25(c) cure the procedural defect because there are no record facts upon which we can conclude that there was a "transfer of interest." Instead, the record indicates that the interests have at all times remained the same and remained held by the same entities.

[¶10] We must, therefore, reject the Town's argument that the individuals were parties before the court when the individuals filed their motion for contempt. The individuals had no standing to file a motion for contempt in the Rule 80K matters that were before the court. The order entered on their motion must be vacated.

B. The Vexatious Litigant Order

[¶11] As to the second issue on appeal, although the VLO appears to have been warranted by the actions of the individuals, *see Spickler*, 618 A.2d at 207, we also must vacate the VLO because the individuals, who had no standing to file the original motion for contempt, were earlier dismissed as parties to this

appeal.[3]  If the individuals, or others, file further motions that are frivolous or vexatious, the court certainly has the authority to act accordingly with a VLO or other appropriate sanction, particularly given the trial court's clear notice that further frivolous, unfounded, or vexatious litigation will not be allowed.  *See Spickler*, 618 A.2d at 207.

The entry is:

Judgment vacated.

---

Edward S. MacColl, Esq., Thompson, MacColl & Bass, LLC, P.A., Portland, for appellant Dubois Livestock, Inc.

Leah B. Rachin, Esq., Bergen & Parkinson, LLC, Kennebunk, for appellees Town of Arundel et al.

York County Superior Court docket numbers CV-2015-204 and CV-2015-275
FOR CLERK REFERENCE ONLY

---

[3] In this unique procedural posture, because we earlier declined to allow the individuals to be heard on appeal, affirming the VLO would be inconsistent with due process requirements.  The individuals should not, however, assume that these unique circumstances will be repeated.  To be clear, they will not, in the future, escape the consequences of an appropriately entered VLO by arguing that they had no standing to file a motion or complaint that is ultimately determined to be vexatious, unfounded, or frivolous.